PEDRO LUGO SERRANO, demandante y recurrente, *v.* LUIS RIVERA SANTOS, ETC., demandado y recurrido.

*Número:* 558 *Resuelto:* 31 de mayo de 1963

*Francisco Quirós Méndez,* abogado del recurrente; *J. B. Fernández Badillo, Procurador General, y Jorge Segarra Olivero, Procurador General Auxiliar,* abogados del Secretario de Agricultura.

Sala integrada por el Juez Asociado Señor Pérez Pimental como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

Para principios de julio de 1956, el demandante radicó solicitud de seguro de plantación de café contra huracán o vientos huracanados. El Inspector del Seguro del Café en Utuado hizo la inspección de las fincas del demandante y determinó que el Seguro del Café le podía asegurar 287.04 cuerdas de plantación (árboles de café y sombra).

Los informes de inspección y los croquis de las fincas fueron enviadas a la Oficina Central del Seguro del Café. A partir de entonces en repetidas ocasiones el demandante inquirió del Inspector sobre la suerte que había corrido su solicitud informándole éste que los documentos pertinentes habían sido remitidos a la Oficina Central en San Juan y que oportunamente se le notificaría la cantidad a pagar por concepto de prima una vez hecha la liquidación correspondiente. [1] Sin embargo, el Seguro del Café no tomó acción alguna sobre la solicitud del demandante, y por lo tanto, no le notificó la prima a pagar ni expidió póliza alguna para cubrir las plantaciones contra el riesgo de huracán o vientos huracanados. Transcurrieron así unos treinta y ocho días desde que el demandante hizo su solicitud de seguro, hasta que el 12 de agosto de 1956 ocurrió el ciclón de Santa Clara, ocasionándole daños a las plantaciones del demandante. Dos días después éste reclamó dichos daños al Seguro del Café pero se le denegó la reclamación porque las fincas no estaban cubiertas por póliza alguna. Inició entonces demanda ante el Tribunal Superior contra el Secretario de Agricultura y Comercio y a base de los hechos que hemos relatado, los cuales fueron estipulados por las partes, [2] dicho tribunal dictó sentencia declarando sin lugar la demanda.

Estamos convencidos de que este caso debe regirse por la doctrina establecida en el de *Pons* v. *Rivera Santos*, 85 D.P.R. 524 (1962) y por ende, que las plantaciones del demandante recurrente estaban cubiertas por una póliza del Seguro del Café.

---

[1] El demandante había hecho arreglos con el Banco de Ponce, Sucursal de Utuado, para satisfacer en su día las primas de las pólizas según determinadas por el Seguro del Café.

[2] Se estipuló también "que de resolverse por este Hon. Tribunal con lugar la reclamación del demandante se cite para vista únicamente a los efectos de probar los daños sufridos por la plantación de las tres fincas propiedad del demandante".

 Una diferencia entre los hechos de uno y otro caso es que en el de *Pons*, el agricultor había pagado la prima del seguro mientras que el recurrente en este caso no lo había hecho. Sin embargo, esa circunstancia no irradia este caso de la doctrina del de *Pons*. El Reglamento para el Seguro de Plantación de Café, no exige el previo pago de la prima como condición para que se considere concertado el contrato de seguro. El importe de la prima se envía a la Oficina Central una vez ésta sea determinada y la solicitud debidamente aprobada. Regla Núm. IV. El no pago de la prima por el recurrente se debió en este caso a la propia actitud del Seguro del Café, que no determinó, como era su deber, el importe de dicha prima, ni notificó de ello al recurrente. Si la solicitud de éste había sido aprobada, según hemos resuelto a tenor con lo resuelto en el caso de *Pons*, la falta de pago de la prima, bajo las circunstancias expuestas, no derrota el derecho del asegurado a la protección del contrato de seguro. (³)

 Aparte de las razones aducidas en el caso de *Pons*, de la tardanza del Seguro del Café en considerar la solicitud del demandante no puede ni debe inferirse que dicha solicitud fue rechazada. El propio Reglamento del Seguro del Café le impone la obligación de notificar por escrito al agricultor solicitante su determinación de que la plantación no reúne los requisitos mínimos de cultivo con las recomendaciones pertinentes para que el caficultor corrija las deficiencias encontradas y una vez corregidas pueda solicitar seguro nuevamente. En este caso no se notificó deficiencia alguna a pesar del tiempo transcurrido, indicativo ello de que la plantación era asegurable, todo lo cual provee una base razonable para inferir que la solicitud del demandante fue aprobada. (⁴)

---

(³) De acuerdo con el último párrafo de la Regla II la póliza será efectiva desde el momento y bajo las condiciones en que *la solicitud sea aprobada.*

(⁴) En ningún momento el Seguro del Café ha expuesto razones para rechazar la solicitud del demandante.

*Por las razones expuestas, se revocará la sentencia dicta-*
*da por el Tribunal Superior y se devolverá el caso para ulte-*
*riores procedimientos.*